IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTIN McALLISTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| DR. FYE, DR.SMITH, DR. FERRELL, | : | NO. 5:11-CV-164-MTT-MSH |
| and DR. LONG, | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER AND RECOMMENDATION

Plaintiff **MARTIN McALLISTER**, an inmate at Macon State Prison ("MSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. By Order dated May 3, 2011 (ECF No. 5), the Court directed Plaintiff to submit an amended complaint identifying the specific actions or inactions of each Defendant that allegedly violated Plaintiff's constitutional rights. In compliance with the Court's Order, Plaintiff has filed his amendment (ECF No. 9).

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984

F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C.

1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff states that he has Tuberculosis, which caused a tumor on his pituitary gland. According to Plaintiff, he also suffers from diabetes and sleep apnea. Alleging that he was provided inadequate medical care, Plaintiff sues Defendants at four state prisons: Dr. Smith at Lee State Prison ("LSP"), Dr. Ferrell at Ware State Prison ("WSP"), Dr. Long at Smith State Prison ("SSP"), and Dr. Fye at MSP.

With respect to his confinement at LSP, Plaintiff explains that in September 2009, he began to experience extreme pain in his head, but did not see an "upper level care provider" for one month. Plaintiff did, however, see a physician assistant "numerous times." Plaintiff then saw Dr. Smith, who gave Plaintiff an injection for the pain, which Plaintiff claims was ineffective. Soon thereafter, Dr. Smith had Plaintiff transferred to Phoebe Putney Hospital. Plaintiff received an MRI scan at the hospital, pursuant to which his pituitary tumor was diagnosed.

From his November 2009 transfer to WSP until his transfer therefrom in January 2011, Plaintiff was under the care of Dr. Ferrell. According to Plaintiff, Dr. Ferrell discontinued the medications for Plaintiff's pituitary condition, diabetes, and pain. Plaintiff further alleges that Dr. Ferrell delayed follow-up visits ordered by doctors at Atlanta Medical Center.

Plaintiff was apparently confined for less than a month at SSP. He complains that, while there, he received no pain medication, but makes no allegations against Dr. Long.

Following his transfer to MSP, Plaintiff alleges he made numerous requests to Dr. Fye that she see him, but Dr. Fye refused to do so for 90 days. Plaintiff further states that he made numerous requests for pain medication, but Dr. Fye apparently denied these requests.

Finally, Plaintiff generally complains that he has been denied necessary replacement parts for his CPAC machine used to treat his sleep apnea, but he names no responsible defendant at any of the prisons.[1]

As relief, plaintiff seeks a "monetary settlement of $4,000,000.00."

## III. DISCUSSION

### A. Joinder of Claims

Plaintiff's complaint sets forth claims of inadequate medical treatment provided by four different doctors. Joinder of multiple defendants in a single action is appropriate only if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As stated by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

---

[1] In his original complaint, Plaintiff alleged that he had continually been denied necessary surgery for his pituitary tumor, but in his supplement, Plaintiff makes no mention of the need for surgery.

Each of the Defendant doctors worked at a different prison. Moreover, Plaintiff's supplement, in which he was instructed to set forth all actions or omissions of each Defendant, does not suggest that the medical care Plaintiff received at any prison was related in any manner to the care he received at another prison. Each of the Defendants' conduct appears to be wholly independent of the other Defendants' conduct. Plaintiff's claims therefore do not arise out of the "same transaction or occurrence." Accordingly, it is not proper to join the Defendants in a single action. As discussed below, it is nevertheless appropriate for this Court to dismiss two of the Defendants and transfer Plaintiff's claims against a third.

### B. Eighth Amendment

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." The *Estelle* test is two pronged: (2) the prisoner's medical needs must be serious; and (2) there must be deliberate indifference on the part of the defendants. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). In order to establish deliberate indifference, a prisoner must show that a "defendant actually knew of 'an excessive risk to an inmate's health' and disregarded that risk." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The prisoner must show some purposeful or intentional denial of necessary medical treatment, or at least that the treatment given

Each of the Defendant doctors worked at a different prison. Moreover, Plaintiff's supplement, in which he was instructed to set forth all actions or omissions of each Defendant, does not suggest that the medical care Plaintiff received at any prison was related in any manner to the care he received at another prison. Each of the Defendants' conduct appears to be wholly independent of the other Defendants' conduct. Plaintiff's claims therefore do not arise out of the "same transaction or occurrence." Accordingly, it is not proper to join the Defendants in a single action. As discussed below, it is nevertheless appropriate for this Court to dismiss two of the Defendants and transfer Plaintiff's claims against a third.

### B. Eighth Amendment

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." The *Estelle* test is two pronged: (2) the prisoner's medical needs must be serious; and (2) there must be deliberate indifference on the part of the defendants. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). In order to establish deliberate indifference, a prisoner must show that a "defendant actually knew of 'an excessive risk to an inmate's health' and disregarded that risk." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The prisoner must show some purposeful or intentional denial of necessary medical treatment, or at least that the treatment given

was so grossly incompetent as to shock the conscience. ***Mandel v. Doe***, 888 F.2d 783 (11th Cir. 1989); ***Washington v. Dugger***, 860 F.2d 1018 (11th Cir. 1988). The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. ***See e.g., Campbell***, 169 F.3d at 1363-72.

Based on his allegations, Plaintiff appears to suffer from serious medical needs. The issue would therefore appear to be whether each of the Defendants was deliberately indifferent to those needs.

### C. Defendants

#### 1. Dr. Smith

Even construing Plaintiff's complaint liberally, the Court finds that Plaintiff has not stated a valid claim against Dr. Smith. Plaintiff acknowledges that he was provided with medical care and attention during his confinement at LSP. A physician's assistant saw him "numerous times" during the month between the onset of his headaches and his first visit with Dr. Smith. Moreover, Dr. Smith gave Plaintiff an injection for his pain and thereafter transferred Plaintiff to a hospital. Plaintiff's allegations simply do not support his claim that Dr. Smith was deliberately indifferent to Plaintiff's medical needs. Accordingly, it is **RECOMMENDED** that Dr. Smith be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

*2. Dr. Ferrell*

Defendant Dr. Ferrell is employed, and the acts giving rise to Plaintiff's claims against him were alleged to have occurred, at WSP. WSP is located in Ware County, Georgia, within the Southern District of Georgia. 28 U.S.C. § 90(c)(4). Proper venue for Plaintiff's claims against Dr. Ferrell is therefore the United States District Court for the Southern District of Georgia. 28 U.S.C. § 1391(b). A case filed in an improper district court may be transferred to the court in which venue is proper. 28 U.S.C. § 1406(a). Accordingly, Plaintiff's claims against Dr. Ferrell are hereby **TRANSFERRED** to the United States District Court for the Southern District of Georgia.

*3. Dr. Long*

Defendant Dr. Long is employed, and the acts giving rise to Plaintiff's claims against Dr. Long were alleged to have occurred, at SSP. SSP is located in Tattnall County, Georgia, also within the Southern District of Georgia. 28 U.S.C. § 90(c)(6).

As indicated above, a district court may transfer an improperly filed case to another court where it might have been properly filed. However, the court should transfer the case only if doing so is in the interest of justice. 28 U.S.C. § 1406(a). A transfer of this case would not be in the interests of justice because Plaintiff has failed to allege deliberate indifference on the part of Dr. Long. In fact, Plaintiff has made no allegations whatsoever against Dr. Long, despite his being directed by this Court to specify the actions of each Defendant that violated Plaintiff's rights. Accordingly, it is **RECOMMENDED** that Dr. Long be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### *4. Dr. Fye*

Construing the complaint liberally in favor of Plaintiff, as this Court must at this early stage, the Court will allow Plaintiff's claims to proceed against Defendant Dr. Fye.

In light of the foregoing, it is hereby **ORDERED** that service be made on Dr. Fye, and that she file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial

when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided

prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained,</u> **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**SO ORDERED AND RECOMMENDED**, this 1st day of September, 2011.


S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE