IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTIN McALLISTER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 5:11-CV-164-MTT-MSH |
| | * | 42 U.S.C. § 1983 |
| DR. FYE., | * | |
| | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

On April 28, 2011, Plaintiff, currently an inmate at the Macon State Prison in Oglethorpe, Georgia, filed the above styled Section 1983 action. On December 8, 2011, Defendant Fye filed a Motion to Dismiss. (ECF No. 22.) Thereafter, on January 5, 2012, Plaintiff filed his Response to the Motion. For the reasons described below, Defendant's motion to dismiss should be granted.

**FACTUAL BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Dr. Smith of Lee State Prison, Dr. Ferrell of Ware State Prison, Dr. Long of Smith State Prison, and Dr. Fye of Macon State Prison.[1] (Pl.'s Compl. 1, ECF No. 1). In his Complaint and his Amended Complaint filed on July 21, 2011 (ECF No. 9), Plaintiff contends that upon his arrival to Macon State Prison, Dr. Fye refused to see him for 90 days and failed to provide him with medications he had requested numerous times. (*Id.*) He further makes

---

1 The claims against Drs. Smith, Ferrell, and Long have been dismissed and/or transferred, and, as such, are no longer parties to this action.

a general claim that he was denied replacement parts for his "CPAC" machine (Am. Compl. 5-6, ECF No. 9) and that the "defendants" denied him surgery for his pituitary gland (Compl. 4, ECF No. 1).[2]

## DISCUSSION

### I.    Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

---

[2] The undersigned previously noted that Plaintiff failed to raise this claim in his Amended Complaint.  Out of an abundance of caution, however, it will be addressed alongside Plaintiff's remaining claims.

## II.     Failure to Exhaust Administrative Remedy

Defendant first argues that Plaintiff's complaint should be dismissed for his failure to exhaust the grievance procedure available at the prison.  (Mot. to Dismiss 6, ECF No. 22.)  Pursuant to the Prisoner Litigation Reform Act ("PLRA"), Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Accordingly, the United States Supreme Court has held that an inmate must fully and properly exhaust all available administrative remedies before he can file a Section 1983 lawsuit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  The court has no discretion to waive the exhaustion requirement in the event a claim has not been fully and properly exhausted prior to filing.  *See Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").  "Proper" exhaustion requires a prisoner to comply with the specific prison grievance procedural requirements.  *See Woodford*, 548 U.S. at 95.  In addition, an inmate must "provide with his grievance all relevant information reasonably available to him."  Because "failure to exhaust is an affirmative defense under the PLRA, . . . inmates are not required to specially plead or demonstrate

exhaustion in their complaints." *Jones*, 549 U.S. at 216.  However, a complaint may still be dismissed pursuant to the PLRA "if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." *Anderson v. Donald*, 261 F. App'x 254, 255 (11th Cir. 2008).  Satisfaction of the exhaustion requirement is a precondition to filing a lawsuit, and therefore exhaustion must be accomplished before the suit is filed.  *McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (per curiam) (citing *Alexander*, 159 F.3d at 1325-26).  Requiring exhaustion prior to filing "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

The Eleventh Circuit has addressed the proper form of a pretrial motion challenging a plaintiff's failure to exhaust his administrative remedies, holding:

> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."

*Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)).  Defendant therefore properly raised his exhaustion defense in an unenumerated Rule 12 motion to dismiss.  *See id.* at 1375.  When motions to dismiss are based on issues not enumerated under Rule 12(b), such as the instant case, Federal Rules of Civil Procedure Rule 43(c) governs and "permits courts to hear evidence outside of the record on affidavits submitted by the parties." *Id.* at 1377 n.16.  Thus, as Defendant has done here, the parties may submit documentary evidence concerning the exhaustion issue and doing

so will not require the conversion of the motion to dismiss into a summary judgment motion. In addition, the judge may resolve factual questions concerning a plaintiff's alleged failure to exhaust nonjudicial remedies, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (footnote omitted).

Shortly after its decision in *Bryant*, the court developed a two-step process to assist courts in deciding a motion to dismiss for failure to exhaust administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Specifically, the court held:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Id.* at 1082-83 (internal citations omitted); *see also Williams v. Marshall*, 319 F. App'x 764, 767 (11th Cir. 2008) (per curiam). Defendants, however, "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Turner*, 541 F.3d at 1082.

Defendants in the instant case contend that Plaintiff failed to exhaust the prison's grievance procedure with respect to his claims. In support of this contention, Defendants

provide the affidavit of Talisha Moody, the Grievance Coordinator at Macon State Prison. (Aff. Of Talisha Moody, Sept. 27, 2010; ECF No. 22-2.)  Grievance Coordinator Moody stated that grievance forms are available to all inmates and can be found in the control rooms of all units within the prison. (*Id.* at ¶ 7.)  Ms. Moody further stated that an inmate is required to file a written grievance within ten days of the incident about which he complains. (*Id.*)  According to Ms. Moody, an inmate may appeal the response to his grievance by filing a formal grievance within five days of the response. (*Id.* at ¶10.)  The entire grievance process is required to be completed within thirty calendar days from the time the grievance is initiated. (*Id.* at ¶13.)

After having reviewed Plaintiff's entire grievance file, Ms. Moody averred that Plaintiff arrived at the Macon State Prison on February 15, 2011. (Aff. ¶ 17.)  She stated that he filed a total of twelve informal grievances since 2009. (*Id.* at ¶18.)  Although he had previously filed grievances relating to various medical issues and replacement parts for his CPAP machine, Plaintiff has failed to file a single grievance against Defendant Fye since his arrival at Macon State Prison. (*Id.* at 26.)

As stated above, when considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  In this case, Plaintiff filed a "Motion to Proceed" which the Court construes as a Response to the Motion to Dismiss. (Mot. to Proceed 1, ECF No. 26.)  In his Response, Plaintiff wholly failed to address the grievance exhaustion requirement, providing the

6

Court no explanation for his failure to exhaust, let alone even initiate, any grievance against Defendant Fye.  The grievance procedure requires that the Plaintiff fully exhaust his administrative remedies by filing a formal grievance.  As such, Plaintiff has admitted that he failed to fully and properly exhaust the prison's grievance policy.  Therefore, the Defendant is entitled to a dismissal of the claims against him.

### III.     Failure to State a Claim

Plaintiff's complaint alleges deliberate indifference to his serious medical needs. (Pl.'s Compl. 4.)  To establish deliberate indifference, the Eleventh Circuit has held that a plaintiff must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *See, e.g., Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010).  Moreover, an inmate must show that the prison official *personally* acted with deliberate indifference to his medical need. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (emphasis added).

In this case, Plaintiff has merely made claims that Defendant Fye was deliberately indifferent to his medical needs, but has entirely failed to allege that the Defendant had subjective knowledge of any risk of serious harm to him or that she knowingly disregarded that risk.  Plaintiff has further failed to show that the actions, or in this case, inactions of Dr. Fye, in any way aggravated or worsened any of his medical conditions. Thus, Plaintiff has failed to raise a genuine issue of material fact as to any of the three elements of the deliberate indifference standard.  It is recommended, therefore, that Defendant's motion to dismiss be granted.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss be GRANTED for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO Recommended, this 24th day of January, 2012.

S/ Stephen Hyles                         .
UNITED STATES MAGISTRATE JUDGE